# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TRANSGENOMIC, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV79 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **POWER3 MEDICAL PRODUCTS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Joint Motion to Seal Parties' Rule 26(f) Planning Report (Filing No. 45). The parties seek to file the report as a "sealed document" because the report contains and references information contained in the sealed version of the plaintiff's complaint. The parties contend the information could not be redacted because the court must have such information to determine the appropriate progression of the case. The parties do no argue or explain why the document should be sealed from view by the non-filing party and the public, pursuant to NECivR 7.5, as opposed to placed under access restricted to counsel of record and the court, pursuant to NECivR 5.0.3. In fact, the motion is a joint motion and the certificate of service for both the motion and the report, provisionally filed under seal, indicate counsel for both parties have seen the documents. Further, there is no evidence or argument before the court that the parties seek to restrict the parties' access to the report. The parties apparently seek to eliminate only public access to the document.

Under the circumstances, the court finds the motion should be granted, in part. The report contains information from other documents previously restricted from access by the public. The court finds good cause exists at this time for restricting access to such information. However, the parties will not be granted leave to include such information in every filing for the purpose of effectively sealing this case from public view. Accordingly, the report, provisionally filed under seal, will be kept under access restricted to counsel of record and the court. Additionally, the parties shall file a redacted version of the report. If either party seeks to restrict the access of future filings, the moving party shall clearly state in the motion whether it seeks to have the document filed under seal. **See** NECivR

7.5. If the moving party seeks to have a document filed under seal, the movant shall provide legal justification, in the motion, for precluding the public and the other party's counsel from viewing the document. Similarly, if the moving party seeks to have a document filed under restricted access, the movant shall provide legal justification, in the motion, for precluding the public from viewing the document. **See** NECivR 5.0.3. Upon consideration,

    **IT IS ORDERED:**

    1. The Joint Motion to Seal Parties' Rule 26(f) Planning Report (Filing No. 45) is granted in part and denied in part. The Clerk of Court shall amend the entry for Filing No. 46 and change the designation from SEALED to RESTRICTED pursuant to NECivR 5.0.3 and court procedures.

    2. The parties shall file a redacted version of the parties' May 10, 2010, Rule 26(f) planning report **on or before May 17, 2010**.

    DATED this 11th day of May, 2010.

                                                    BY THE COURT:

                                                s/ Thomas D. Thalken
                                                United States Magistrate Judge