IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TRANSGENOMIC, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV79 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **POWER3 MEDICAL PRODUCTS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Motion for Leave to Withdraw as Counsel for Defendant Power3 Medical Products, Inc. (Filing No. 66) filed by Mayer Brown LLP. Mayer Brown filed an index of evidence (Filing No. 67) in support of the motion. Mayer Brown states neither the plaintiff nor Power3 Medical Products, Inc. opposes the motion. The motion reflects it was served on Mayer Brown's client, Power3 Medical Products, Inc.

Moving counsel seeks to withdraw because the defendant has failed to compensate counsel for legal services. Moving counsel states the defendant is attempting to secure substitute legal counsel. Additionally, moving counsel suggests the defendant will not be prejudiced by the withdrawal because the case is currently stayed to allow for mediation. The court notes a status report regarding mediation is due February 11, 2011. **See** Filing No. 65.

The court notes no substitute counsel has yet appeared in this matter for the defendant in place of Mayer Brown. "[A] corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). In fact, according to the Eighth Circuit, a corporation is technically

in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct*, 86 F.3d at 857.

As an initial matter, the defendant shall have an opportunity to respond to the motion to withdraw.  If the defendant fails to respond or obtains substitute counsel, the court will grant the motion to withdraw.  In the event the motion to withdraw is granted, failure to have substitute counsel enter an appearance may result in an order striking the answer.  **See** Fed. R. Civ. P. 55.  However, counsel shall not be given leave to withdraw as counsel for the defendant until substitute counsel has entered an appearance or other order of the court.  The court notes the defendant does have other counsel who previously entered an appearance from the law firm of Koley Jessen, P.C., L.L.O.  Such counsel have not motioned the court for leave to withdraw and may be sufficient counsel to allow withdrawal of Mayer Brown.  Accordingly,

**IT IS ORDERED:**

1. Mayer Brown's Motion for Leave to Withdraw as Counsel for Defendant Power3 Medical Products, Inc. (Filing No. 66) is held in abeyance until January 21, 2011.

2. The defendant shall have until **on or before January 20, 2011**, to file a response to the motion to withdraw with the Clerk of Court.  If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3. Moving counsel shall immediately serve a copy of this order on the defendant and file a certificate of service therefore.

DATED this 3rd day of January, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge