FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUN 17 2011

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRANSGENOMIC, INC., | ) | CASE NO. 8:10CV00079 |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATED PROTECTIVE ORDER |
| vs. | ) | |
| | ) | |
| POWER3 MEDICAL PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS the parties to this proceeding, Transgenomic, Inc. and Power3 Medical Products, Inc., recognize that during the course of this proceeding, issues may arise which may require the disclosure of trade secrets, confidential research, or sensitive commercial, financial, process, marketing or business information, or other confidential information and the parties desire to plan for that contingency by entry of this Stipulated Protective Order ("Order");

WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the parties;

WHEREAS the parties have, through counsel, agreed to be bound by and stipulated to the entry of this Order to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents or things that are produced in this action;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Order shall govern the production and handling of documents and things, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

595158.1HBC/

1. This Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Without limiting the foregoing, this Order shall survive and remain in full force and effect for a period of three (3) years after the termination of this litigation.

2. This Order shall become effective upon the signatures of counsel for the parties and the approval of the U.S. Magistrate or his designee.

3. Nothing in this Order shall limit or preclude any party from applying to the Court to modify the terms of this Order or the status of any particular information, document, or thing, or for relief from this Order, or for such further or additional Protective Orders as the Court may deem appropriate.

4. Portions of documents, deposition testimony, and other materials produced or provided by any party during discovery, which contain confidential information or commercial secrets not available in the public domain, shall be considered confidential material at the request of the producing party. The producing party shall designate clearly the portion or portions of any documents or other materials produced that it contends should be kept confidential, by labeling or identifying such portions as "CONFIDENTIAL."

5. Documents labeled or identified as "CONFIDENTIAL" shall be revealed only to and used by:

    A. This Court, including its staff and any jury selected in this case;

    B. Litigation counsel for the parties to this action, together with their paralegals, clerical employees, and other staff actually working on this case prior to final disposition of this matter by a court of competent jurisdiction, and only insofar as may be reasonably necessary to prepare for the prosecution or defense of a claim in this case;

      C.      Independent experts or consultants who may examine "CONFIDENTIAL" materials in connection with discovery and the presentation of evidence in the trial of this case, and who, before receiving such materials or information, have signed the attached Acknowledgement and Agreement to be Bound;

      D.      Officers and employees who, before receiving such materials or information, have signed the attached Acknowledgement and Agreement to be Bound; and

      E.      Potential witnesses who may be called to testify at trial or depositions in this matter concerning the documents or materials and the information contained therein and who, before receiving such materials or information, have signed the attached Acknowledgment and Agreement to the Bound.

6. All "CONFIDENTIAL" material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with this action or any proceeding between these parties related to the same subject matter as this action and shall not be disclosed by the recipient to anyone other than those persons designated above, or in Court filings as provided below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

7. If timely corrected, an inadvertent failure to designate qualified information or materials as "CONFIDENTIAL" does not, standing alone, waive a party's right to secure protection for such material. If information or material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the receiving party, on timely

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions herein.

8. Any party may bring before the Court the question of whether particular information designated as "CONFIDENTIAL" is in fact of a confidential nature, as contemplated by this Order. However, the parties agree to attempt to resolve any such disputes prior to bringing them to the Court pursuant to Local Rule 7.0.1(i). Until the Court has ruled on any disputed designations of confidentiality, the parties shall treat information and documents properly designated as "CONFIDENTIAL" by another party as "CONFIDENTIAL." The party asserting confidentiality over a document, including a deposition or trial transcript, or portion thereof, shall bear the burden of establishing that the information contained therein is in fact "CONFIDENTIAL."

9. Nothing in this Order is intended to limit or otherwise affect the scope of discovery by the parties or the use or admissibility of evidence at trial. Materials subject to this Order may be filed with the Court, provided that any portions of such documents that are designated as "CONFIDENTIAL" are filed as Restricted Documents and prominently marked: "Information Subject to Protective Order." Parties shall file only that portion of a pleading, motion or brief that contains "CONFIDENTIAL" information with the Court under Restriction.

10. A party that wishes to designate as "CONFIDENTIAL" any material or information that is contained in a deposition transcript shall indicate orally at the time of the deposition that it intends to designate all or part of the testimony as confidential. Within twenty-one (21) days after receipt of the deposition transcript, the designating party shall advise the other parties of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of time. Until the period of time for designation has

passed, or until the Court has ruled on any disputed designations of confidentiality, the parties shall treat the designated portions of any deposition transcripts as "CONFIDENTIAL."

11. Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, all "CONFIDENTIAL" information and materials furnished or produced under the terms of this Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and material which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. Outside counsel for a party may retain all materials in their files relating to this case, but in so doing must comply with the terms of this Order, meaning that all "CONFIDENTIAL" information and materials, including but not limited to the above-described pleadings, exhibits, and work product materials, must be retained in confidence under the terms of this Order.

12. The Protective Order applies to information contained in the briefs, memoranda, motions or pleadings, or any other documents prepared or filed in this litigation, which reveal confidential information contained in documents or materials that have been designated as "CONFIDENTIAL" by one of the parties, unless this Court has ruled that such designation was improper.

Dated this 17th day of June 2011.

_____
United States Magistrate Judge

**Agreed as to form and content:**

TRANSGENOMIC, INC., Plaintiff

By: s/Harvey B. Cooper
Harvey B. Cooper #15035
Abrahams Kaslow & Cassman LLP
8712 West Dodge Road, Suite 300
Omaha, Nebraska 68114
Telephone (402) 392-1250
Attorney for Plaintiff.


POWER3 MEDICAL PRODUCTS, INC.,
Defendant

By: s/Kristin M.V. Farwell
Gregory C. Scaglione, #19368
Kristin Farwell, #23919
Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
Telephone: (402) 390-9500
greg.scaglione@koleyjessen.com
kristin.farwell@koleyjessen.com

HBC/
595158.1

6

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety the Stipulated Protective Order or have had the Stipulated Protective Order explained to me by Counsel for a party and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska on _____ in the case of Transgenomic, Inc. v. Power3 Medical Products, Inc., Case No. 8:10CV00079. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed Name: _____

Signature: _____

Address: _____
_____

Dated: _____

HBC/
595158.1

7